THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES L. DENNISON, Defendant-Appellee.

(No. 11792; ▮▮▮▮▮▮▮

Fourth District—August 9, 1973.

John G. Šatter, Jr., Štate's Attorney, of Pontiac, for the People.

Peter F. Ferracuti, of Ottawa, (John Panegasser, of counsel,) for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The State appeals from an order of the trial court suppressing the confession and admissions made by defendant.

The information filed charges of murder and involuntary manslaughter occurring on August 25, 1970. On August 26th, the defendant was in custody at the county jail where he was interrogated by the State's Attorney in the presence of the sheriff and a reporter.

Following a partial statement of the *Miranda* rights, we note:

"Q. Do you want to explain to me what happened last night?

A. I would rather not talk about it right now.

Q. If you like, you can stop at any time and refuse to answer any further questions. You have a right to request that a lawyer be contacted if you want a lawyer. Would you want to talk about this at least partly?

A. I would rather not.

Q. Is there anything at all you would like to say at this time?

A. No.

Q. Do you want to talk to a lawyer, sir?

A. No. What am I charged for?

Q. Involuntary manslaughter. This is one of the reasons—I want to find out what happened. It is pretty hard for me as State's Attorney to charge you with anything until I find out what happened last night.

A. I don't want to talk about it. I am scared they will hang me.

Q. What do you mean?

A. I don't know. I don't know when it started or anything.

Q. Had you been drinking last night?

A. Yes.

Q. Did you feel under the influence of liquor?

A. Yes.

Q. Do you realize what happened last night?

A. Yes.

Q. Don't you think you should talk about it, don't you think you would feel better if you got it off your chest?

A. All I know, I hit him."

The written order of the trial court found that the transcript of the statement of defendant;

"[I]ndicates. that the defendant did in fact clearly indicate that he chose not to be questioned, and that the States Attorney did persist in questions and statements calculated to induce the defendant to respond to such questions",
and that there was a clear violation of the statement in *Miranda v. Arizona*, 384 U.S. 436, S.Ct. 1602, 16 L.Ed.2d 694, where it is said at p. 723:

"If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise. Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked."

Where the record shows no clear waiver of his rights by defendant, the statements are inadmissible. (*People v. Landgham*, 122 Ill.App.2d 9, 257 N.E.2d 484.) There is no authority which supports the State's Attorney's argument that the statements are admissible where the record does not show an "absolute refusal". His argument that defendant's inquiry as to the charge suffices to initiate a voluntary conversation has no value as indicating a waiver of the prior refusals to make a statement. The record, moreover, shows that defendant repeated his wish not to discuss the matter following such inquiry. The continued questioning despite the statement of defendant's right not to speak would make it appear that the exercise of the rights concerned in *Miranda* merely depended upon the State's Attorney's persistence and his will to make defendant speak. Nothing in this record reflects a voluntary relinquishment of the rights stated in *Miranda*.

The State cites *People v. Myles*, 132 Ill.App.2d 962, 271 N.E.2d 62; *People v. Hill*, 6 Ill.App.3d 746, 286 N.E.2d 764 and *People v. Walker*, 2 Ill.App.3d 1026, 279 N.E.2d 23. In *Hill* and *Walker*, the trial court found the presence of voluntary statements made by defendant. In neither case were there statements which, as here, reflected that defendant did not wish to speak about the case. In *Myles*, the records supported the conclusion that the inculpatory statements were voluntary. The opinion further notes a conclusion of harmless error by reason of the strong evidence of guilt.

The judgment is affirmed.

Affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.